141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jamel KASIM, Plaintiff - Appellant,
v.
United States of America; REPUBLIC MANAGEMENT SERVICES,
INC., a Texas corporation, Defendants - Appellees.
Jamel Kasim, Plaintiff - Appellant,
v.
United States of America; Defendant,
and
Republic Management Services, Inc., a Texas corporation,
Defendant - Appellee.
 No. 97-15048, 97-15430.
D.C. No. CV-96-00005-ACM.
 United States Court of Appeals,
Ninth Circuit.
 Submitted December 12, 1997.**
Decided March 31, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Alfredo C. Marquez, District Judge, Presiding.
 Before BROWNING, PREGERSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jamel Kasim sought relief under the Federal Tort Claims Act, 28 U .S.C. § 1346(b), for injuries he received in 1992 when he tripped on a sidewalk at the Colonnades Apartments. The Colonnades were owned by the United States Department of Housing and Urban Development ("HUD") and managed by Republic Management Services ("Republic"). Kasim appeals the district court's grant of summary judgment in favor of the United States and Republic, and the district court's denial of his request for further discovery.
 
 I.
 
 3
 Kasim's contention that the district court should have applied the doctrine of equitable tolling to prevent the running of the statute of limitations on his claim against Republic fails because Kasim did not meet the equitable tolling requirements set out in Hosogai v. Kadota, 145 Ariz. 227, 700 P.2d 1327, 1331 (Ariz.1985) (en banc), and codified in Arizona Revised Statutes § 12-504.[1] Equitable tolling was meant to cover those situations in which a lawsuit is filed and later dismissed for procedural reasons. It allows the plaintiff to file a second suit for the same cause of action if the first suit was timely filed. Here, Kasim's claim against Republic was not brought until eighteen months after the statute of limitations had run.
 
 
 4
 Kasim's claim that the statute of limitations should be tolled because HUD and Republic fraudulently concealed their true relationship fails because Kasim's own lack of diligence precluded the discovery of the relationship between Republic and HUD, rather than an affirmative act of fraud designed to "elude investigation." See Anson v. American Motors Corp., 155 Ariz. 420, 747 P.2d 581, 588 (Ariz.App.1987) (citations and internal quotation marks omitted) (stating that the law of equitable tolling for fraudulent concealment requires that "the fraud must prevent inquiry, elude investigation or mislead [and] there must be some affirmative act" of fraud). The doctrine of fraudulent concealment is not applicable in this case.
 
 II.
 
 5
 Kasim's claim against the United States is twofold: he argues first that the United States controlled and supervised the acts of Republic such that the government should be held liable for Kasim's injury, and second, that the United States should be held independently liable for the negligence of its employees. We agree with the district court's conclusion that the United States is not liable on either basis.
 
 
 6
 Kasim asserts that his claim against the United States arises out of the Federal Torts Claims Act ("FTCA"). 28 U.S.C. § 1346(b). The FTCA is a limited waiver of sovereign immunity and makes the United States liable for money damages "caused by the negligent or wrongful act or omission of any employee of the Government," 28 U.S .C. § 1346(b), but not of independent contractors working for the United States. See 28 U.S.C. § 2671. The primary factor in differentiating between independent contractors and government employees is the authority of the United States to control the detailed physical performance of the worker. See Logue v. United States, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973).
 
 
 7
 A. Liability of the United States for Republic's Negligence
 
 
 8
 Kasim argues that the United States is liable for the negligence of Republic. To be liable, the government must control and supervise the day-to-day operations and the "detailed physical performance" of a contracting company. See Ducey v. United States, 713 F.2d 504, 516 (9th Cir.1983). The government's establishment of detailed regulations, its ability to compel Republic's compliance with federal standards, and its periodic inspections are insufficient to establish an agency relationship. See id.; Letnes v. United States, 820 F.2d 1517, 1519 (9th Cir.1987).
 
 
 9
 B. Independent Liability of the United States
 
 
 10
 Kasim's claim that the United States was independently negligent in failing to sufficiently supervise Republic also fails. Under Arizona law, a land owner is not liable for the negligence of an independent contractor resulting in injury to others. See Oxford v.. United States, 779 F.Supp. 1230, 1235 (D.Ariz.1991). Although there are exceptions to this rule, see id. at 1235-36, 1236 n. 1, none apply here.
 
 
 11
 Kasim's next claim is that the United States is liable for its independent negligence in failing to inspect the Colonnades. However, Kasim has failed to cite any Arizona law which supports his claim; the case law that he cites in inapposite. For example, Martinez v. Woodmar IV Condominiums Homeowners Ass'n, 189 Ariz. 206, 941 P.2d 218 (Ariz.1997) (en banc), imposes upon landlords a duty to people using common areas only when that landlord retains exclusive control. Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990 (1967) (en banc), stands for the proposition that an occupier of land must adequately warn a child against danger. Finally, Ft. Lowell-NSS Ltd. Partnership v. Kelly, 166 Ariz. 96, 800 P.2d 962 (Ariz.1990) (en banc), "holds a possessor of land liable to his invitees for injuries that occur while he is in possession and result from his independent contractor's negligence." Id. at 970 (emphasis added). None of the other cases that Kasim cites support his claim.
 
 III.
 
 12
 Kasim's argument that the district court abused its discretion in refusing to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) fails because he did not meet the requirements of that rule. Although he made a request for continuance of discovery in the form of a motion in opposition to summary judgment, he did not file the requisite affidavit, nor did he set forth particular facts expected from discovery. See Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 887-88 (9th Cir.1996). Therefore, the district court's denial of Kasim's request for additional discovery was proper.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A.R.S. § 12-504 provides:
 If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff ... may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.