**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUSEUM ASSOCIATES, LTD., a Washington corporation; RICHARD BERGER, an individual,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>GARY MIDZOR, an individual; CHRIS IVEY, an individual; GM PROPERTY DEVELOPMENT LLC, an Arizona limited liability company; TINA CHOATE, an individual; BRIAN MYERS, originally named as Brian Meyers - an individual; GOLDSTONE MANAGEMENT LLC, an Arizona limited liability company; CRAIG RAMSELL, an individual; KAILASA ENTERPRISES LLC, an Arizona limited liability company; DICK'S MOVING SERVICES INCORPORATED, an Arizona corporation,<br><br>          Defendants - Appellees. | No. 12-15419<br><br>D.C. No. 2:10-cv-01042-NVW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Neil V. Wake, District Judge, Presiding

Submitted November 8, 2013[**]
San Francisco, California

Before: KLEINFELD, GILMAN[***], and RAWLINSON, Circuit Judges.

The district court correctly held that, as a matter of law, Ramsell did not breach the lease agreement. The lease unambiguously limits Ramsell's duties. "Landlord shall have no obligation whatsoever to provide [guard service or other security measures]. Tenant assumes all responsibility for the protection of the premises, Tenant, its agents, guests, and invitees and their property from the acts of third parties." Whatever obligation Ramsell might otherwise have had to secure the collection, this provision relieved him of it.

The addendum to the lease did not impose a duty to obtain Berger's consent to removal of the collection in the circumstances of this case. The addendum prohibits Ramsell from accepting instructions, releasing, delivering or removing the collection without Berger's written consent, but he did not do any of these

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

things.  The addendum does not say that Ramsell must take precautions to protect the collection from removal by third parties.  To the contrary, the lease expressly states that Ramsell was not responsible for providing security.  "In interpreting a contract, we do not construe one term in a way that renders another meaningless." ELM Ret. Ctr., LP v. Callaway, 246 P.3d 938, 942 (Ariz. Ct. App. 2010).

The collection was not under Ramsell's control, and Ramsell did nothing to facilitate the removal by Midzor.  Ramsell could not even "enter the premises for whatever reason" unless accompanied by Myers, Choate, or Berger.  Ramsell did not have keys to the warehouse or alarm access codes.  Midzor did not need Ramsell to access the property.  Ramsell knew the collection was being moved only because another tenant happened to call him. The lease did not require or empower Ramsell to stop Midzor.

Nor did the lease obligate Ramsell to call Berger.  The closest it comes is the provision that in the case of an emergency "if immediate access is required to the premises, every effort will be made to contact Brian Myers [], Tina Choate [] and/or Richard Berger []."  The phrase "and/or" means that, had the removal been an emergency, Ramsell still would not have been required to contact Berger. Ramsell could have contacted Myers or Choate or Berger; any one of them would

have sufficed.  He in fact called Myers.  So if the clause applied, Ramsell performed the obligation it required.

The district court properly granted summary judgment on Berger's negligence claim.  "[W]hether a duty exists, is a matter of law for the court to decide." Gipson v. Kasey, 150 P.3d 228, 230 (Ariz. 2007).  Berger did not establish that Ramsell had any duty to protect the collection beyond those specified in the lease agreement.  Berger cites cases requiring landlords to exercise reasonable care to protect tenants from both dangerous conditions and dangerous people on their land.  See e.g., Martinez v. Woodmar IV Condominiums Homeowners Assoc., Inc., 941 P.2d 218 (Ariz. 1997).  Berger cites no cases establishing a landlord's duty to protect a tenant's personal property from fraud.  Nor could an otherwise applicable duty survive the contractual provision that Ramsell had no "obligation whatsoever to provide" security under the lease.

AFFIRMED.