NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL LYON, *Plaintiff/Appellant,*

*v.*

JODY HELTON, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0130
FILED 6-2-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-008665
The Honorable Andrew J. Russell, Judge

**REVERSED AND REMANDED**

COUNSEL

Engelman Berger, P.C., Phoenix
By Steven N. Berger, Damien R. Meyer, Bradley D. Pack
*Counsel for Plaintiff/Appellant*

Shaw & Lines, LLC, Phoenix
By Augustus H. Shaw IV, Patrick J. Whelan
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1 Plaintiff Dr. Michael Lyon appeals the superior court's dismissal of his gross negligence claim for failure to state a claim against Regency House Association ("the Association"), its officers and directors ("the Officers"), and the Association's management company, AAM, LLC ("AAM") (collectively "appellees"). We reverse and remand to the superior court because the allegations of the complaint are sufficient to allow Dr. Lyon the opportunity to develop supporting evidence.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Dr. Lyon purchased an apartment unit in Regency House Condominiums ("the Condo") in Phoenix in 2009. The Condo had an underground parking garage and Dr. Lyon was assigned a parking spot in the garage on level two. The Condo's parking areas were common elements under the Condo's Declaration of Horizontal Property Regime and of Covenants, Conditions, and Restrictions for Regency House ("CC&Rs"). Pursuant to the provisions of the CC&Rs, the Association had authority over all common elements.

¶3 In 2019, the Association had AAM make several changes to the configuration of levels one and two of the garage. Three parallel parking spots were added on level two north of Dr. Lyon's assigned parking spot in a space that had been part of an access aisle. This resulted in a narrowing of the two-way traffic access aisle from 26 feet to 18 feet. On level one, two parking spots were converted to three smaller spots and a new loading zone was created.

¶4 Dr. Lyon filed a six-count complaint against appellees in the superior court including claims based in contract and tort law and for injunctive relief. Appellees moved to dismiss four of the counts—count 3 (negligence/the Association and AAM), count 4 (gross negligence/all

defendants)[1], count 5 (nuisance/the Association and AAM), and count 6 (injunctive relief)—pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6). After oral argument, the superior court dismissed the gross negligence claim and denied the motion to dismiss as to the other counts. After entry of a partial final judgment, *see* Rule 54(b), Dr. Lyon timely appealed from the dismissal of the gross negligence claim, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.      Motion to Dismiss

**¶5**          "Arizona follows a notice pleading standard, the purpose of which is to give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (citation and quotation marks omitted). Rule 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

**¶6**          We review the dismissal of a claim under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (citation and quotation marks omitted). Courts "look only to the pleading itself" when ruling on a Rule 12(b)(6) motion, and "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Id.* at ¶ 9 (citation omitted).

**¶7**          Appellees assert that Dr. Lyon's gross negligence claim failed to state a claim upon which relief can be granted because it contained

---

[1]      The Condo's CC&Rs shielded the Officers from liability for their conduct while acting on behalf of the Association except for actions that constitute gross negligence or fraud. Section 4.6 of the CC&Rs state:

> Non-Liability of the Members of the Board, Officers and Declarant. Neither the members of the Board, officers of the Association nor Declarant shall be personally liable to the Owners for any mistake of judgment or for any acts or omissions of any nature whatsoever of such members, officers or Declarant, except for any acts or omissions found by a court to constitute gross negligence or fraud. . . .

conclusory allegations. *See id.* ("[M]ere conclusory statements are insufficient" to defeat a Rule 12(b)(6) motion). "[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy [the Rule 8] notice pleading standard," but the inclusion of a legal conclusion will not invalidate a complaint. *Cullen*, 218 Ariz. at 419, ¶ 7.

¶8        A complaint states a claim for gross negligence if it alleges the elements of negligence and additionally that the defendant's breach of duty involved "gross, willful, or wanton conduct" that is "more than ordinary inadvertence or inattention . . . which falls closer to the recklessness standard that usually involves a conscious disregard of a risk." *Noriega v. Town of Miami*, 243 Ariz. 320, 326, 328, ¶¶ 23, 36 (App. 2017) (citations and quotation[ marks omitted). Gross negligence "is action or inaction with reckless indifference to the . . . safety of others." *Williams v. Thude*, 180 Ariz. 531, 539 (App. 1994). The issue of gross negligence is ordinarily a question of fact. *Luchanski v. Congrove*, 193 Ariz. 176, 179, ¶ 18 (App. 1998).

¶9        The complaint alleged that appellees owed a duty of care to Dr. Lyon and had created an unsafe environment for Dr. Lyon and other Condo residents through their actions. *See Martinez v. Woodmar IV Condos. Homeowners Ass'n*, 189 Ariz. 206, 209 (1997) (condominium association with control over common areas owed a duty "with respect to the common areas" to condo owners, tenants, and their guests). The complaint alleged that appellees breached their duty by (1) "delegating to AAM the task of coming up with a design for the changes to the Platted Parking Areas," (2) "consciously disregarding their duty to examine that design from a health and safety perspective by consulting with a qualified parking expert," (3) "failing to consider and/or consciously disregarding the [City of Phoenix] Zoning Ordinance and City Parking Guidelines," and (4) "by implementing the dangerous changes to the Platted Parking Areas."

¶10        The complaint further alleged that Dr. Lyon's experts concluded that the changes to the parking garage resulted "in reduction of user safety by increasing the risk of vehicle collision" and "danger to pedestrians navigating between the parked car and building lobby entrances," and that the reduction in the access aisle next to Dr. Lyon's assigned spot to a width of 18 feet violated the Zoning Ordinance's requirement that the access aisle be a minimum of 24 feet wide and the City Parking Guidelines' minimum requirement that the aisle be 26 feet wide. Further, the "reduction in the access aisle forces the drivers traveling westbound to encroach the lane of the drivers traveling eastbound," "increas[ing] the risk of head-on collision between vehicles," and "[t]he danger caused by the reduction in the access aisle is compounded by other

pre-existing conditions . . . such as existing columns . . . which create blind spots." In addition, the complaint alleged that appellees "acted with recklessness and consciously disregarded the risks to the Regency House residents, including Dr. Lyon," that appellees' conduct as set forth in the complaint "was gross, willful, or wanton," and that Dr. Lyon had been injured by appellees' conduct.

¶11 Appellees cite *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*) for the proposition that to survive a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

¶12 *Twombly* does not provide the standard in Arizona state court for determining whether a complaint states a claim upon which relief can be granted under Rule 12(b)(6). *Cullen*, 218 Ariz. at 420-21, ¶¶ 9, 16. In *Twombly*, the United States Supreme Court held that under the Federal Rules of Civil Procedure, to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the plaintiffs' allegations must be compelling enough to "nudge[] their claims across the line from conceivable to plausible." 550 U.S. at 545, 570. However, in *Cullen*, the Arizona Supreme Court made clear that there is no "plausibility" requirement or assessment for complaints in Arizona state court under the Arizona Rules of Civil Procedure. 218 Ariz. at 420-21, ¶¶ 9, 16 (rejecting *Twombly's* "plausibility" requirement and vacating the portion of the Court of Appeal's opinion citing to *Twombly*).

¶13 Taken as a whole, Dr. Lyon's complaint alleged sufficient facts to state a claim upon which relief can be granted and effectively put appellees on notice of the nature and basis of Dr. Lyon's gross negligence claim against them. *See Cullen*, 218 Ariz. at 419, ¶ 6 ("Under Rule 8, Arizona follows a notice pleading standard . . . .").

¶14 Appellees argue that to "properly plead that [appellees] were grossly negligent, [Dr. Lyon] must allege that [appellees] either knew that they acted without a reasonable basis or failed to perform an investigation or evaluation adequate to determine whether a reasonable basis supported [their] action." But, as noted *supra* ¶ 9, one of the allegations of the complaint was that appellees "consciously disregard[ed] their duty to examine [the] design from a health and safety perspective by consulting with a qualified parking expert."

¶15          Appellees argue the Officers are protected by the Federal Volunteer Protection Act, 42 U.S.C. § 14503(a), because they are volunteers, and that if we do not affirm the superior court's dismissal we will be opening "floodgates of litigation to those having volunteered." Even if section 14503(a) applies, it limits the liability of volunteers for harm they cause only in certain circumstances, and specifically states that volunteers are not protected for harm caused by the volunteer's gross negligence. 42 U.S.C. § 14503(a)(3). Appellees' argument that they did not owe a duty to Dr. Lyon because they were acting on behalf of the Association is equally uncompelling. "Corporate officers are liable to those harmed by such officers' tortious conduct on behalf of the company they ostensibly serve." *Higgins v. Assmann Elecs., Inc.*, 217 Ariz. 289, 294, ¶ 13 (App. 2007). And, as noted above, the CC&Rs do not shield the Officers from acts or omissions that constitute gross negligence.

¶16          Appellees further argue that Dr. Lyon "cannot merely rest on his pleadings," and must support his factual allegations with "proper evidentiary material, which when coupled with undisputed background and contextual facts, show that the fact-finder could reasonably find in [Dr. Lyon's] favor," and "'in order to present [a gross negligence issue] to the jury, gross negligence need not be established conclusively, but the evidence on the issue must be more than slight and may not border on conjecture.'" (quoting *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (App. 1991)). *Walls* involved an appeal from the superior court's *grant of summary judgment* in favor of defendants on the plaintiff's gross negligence claim. 170 Ariz. at 592, 596. Here, the superior court dismissed Dr. Lyon's gross negligence claim under Rule 12(b)(6) at the pleading stage. Taking the well-pled factual allegations of the complaint as true, the dismissal for failure to state a claim upon which relief can be granted was error.

II.     Attorneys' Fees

¶17          Dr. Lyon requests attorneys' fees and costs pursuant to section 23 of the CC&Rs and A.R.S. §§ 12-341, -341.01. Section 23 of the CC&Rs is a one-way fee provision that would only apply if the Association or Board sued Dr. Lyon. Section 12-341.01 permits discretionary fees to the prevailing party in any contested action arising out of contract, express or implied. Even if § 12-341.01 applies to Dr. Lyon's gross negligence claim, we deny his fee request because he has not prevailed in the litigation. As the successful party on appeal, Dr. Lyon is entitled to costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶18**  For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA