NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHARON MICHAEL, *Plaintiff/Appellant,*

*v.*

CRESCENT HOTELS AND RESORTS, LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0918

FILED 10-09-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-013284
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Mick Levin, PLC, Phoenix
By Mick Levin
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, PC, Phoenix
By Robert T. Sullivan, Danielle Chronister, Kelley M. Jancaitis
*Counsel for Defendants/Appellees Crescent Hotels and Cref3 HSP Owner*

Zelms Erlich Lenkov & Mack
By Robert B. Zelms, Nishan Joseph Wilde
*Counsel for Defendants/Appellees Grand Canyon University*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1   Sharon Michael appeals from the summary judgment entered in favor of Crescent Hotel Management Services, LLC, and CREF3 HSP Owner, LLC, (collectively, "Crescent") and Grand Canyon University ("GCU").  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2   Michael was a doctoral student at GCU.  GCU required doctoral students to attend a residency training program, which was held at a resort owned and managed by Crescent.

¶3   During the residency, an unknown man assaulted Michael while she was staying at the resort.  She first saw him sitting on a guest-room balcony while she collected exercise equipment from her car, then in a nearby breezeway while she set up the equipment.  Some minutes later, the man grabbed her from behind while she was exercising in an outdoor common area.  Michael punched the assailant and ran to the lobby, where she called the police.

¶4   Michael sued Crescent and GCU, asserting claims for premises liability and negligence.  She alleged that Crescent was liable for the assault because Crescent provided inadequate security and failed to warn guests about third-party criminal conduct.  She alleged that GCU was liable because it chose an unsafe location for the residency program and did not provide adequate security for its students.

¶5   After discovery closed, Crescent and GCU each moved for summary judgment, asserting (among other arguments) that Michael could not prove breach because she had no admissible evidence to show that the third party's criminal conduct was a foreseeable harm against which they were obligated to protect.  Michael sought to reopen discovery and moved for Rule 56(d) relief.  *See* Ariz. R. Civ. P. 56(d) (procedure for requesting additional necessary discovery during summary judgment proceedings).  The court denied her requests, noting there was no indication that Michael

had conducted any discovery when available and no explanation for her lack of diligence—a ruling Michael does not challenge on appeal.

¶6 After full briefing on the summary judgment motions, the superior court entered summary judgment for both defendants based on a lack of evidence to show a breach of any applicable standard of care. Michael moved for a new trial, which the court denied. Michael then timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7 Summary judgment is proper if there is no genuine dispute as to any material fact and, based on those undisputed facts, the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). A defendant seeking summary judgment need not affirmatively disprove the plaintiff's claim but may point out, by specific reference to relevant discovery, a lack of evidence to support an essential element of the claim. *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 292, ¶ 18 (App. 2010); *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 117, ¶¶ 22–23 (App. 2008); *see also Orme Sch.*, 166 Ariz. at 309 (holding that summary judgment is proper "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim"). The plaintiff must then respond with admissible evidence showing a genuine issue of material fact for trial. *Thurston*, 218 Ariz. at 119, ¶ 26; Ariz. R. Civ. P. 56(c)(5)–(6), (e). We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the party against whom judgment was entered. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012); *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 193, 195 (App. 1990).

¶8 Michael's negligence-based claims against Crescent and GCU required her to prove four elements: a legal duty requiring each defendant to conform to a particular standard of care, breach of that duty, a causal link between that breach and her injury, and damages. *See Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). Although breach is generally a question of fact for the jury, summary judgment may still be proper if no reasonable juror could find the evidence sufficient to establish breach. *Id.* & n.1.

¶9 As owner and manager of the resort, Crescent had an obligation to make the premises reasonably safe from foreseeable harms, including from a third party's criminal activity, so long as that activity was "reasonably foreseeable and preventable." *Martinez v. Woodmar IV Condos.*

*Homeowners Ass'n*, 189 Ariz. 206, 210–11 (1997); *Grafitti-Valenzuela ex rel. Grafitti v. City of Phoenix*, 216 Ariz. 454, 459–60, ¶ 14 (App. 2007). GCU's obligation was also cabined to foreseeable risk of injury. *See Davis v. Cessna Aircraft Corp.*, 182 Ariz. 26, 31 (App. 1994). But here, Michael offered no admissible evidence that the assailant's criminal act was foreseeable.

¶10 Michael argues, as she did in superior court, that (1) a call log reflects so many calls to police associated with the resort's address that Crescent (and GCU) should have foreseen frequent criminal conduct on the property and (2) her assailant was on the property for such a long time that Crescent (or GCU) should have recognized the risk and addressed it. But both Crescent and GCU objected to the admissibility of the call log because Michael had not disclosed any witness who could lay a foundation for it. *See* Ariz. R. Civ. P. 56(c)(4), 7.1(f)(3); Ariz. R. Evid. 901. Michael never countered the objection or cured the defect.

¶11 Michael likewise offered no evidence that the assailant's presence or conduct preceding the assault should have put Crescent (or GCU) on notice that he presented a danger. To the contrary, the only evidence was Michael's testimony that the man appeared to be a hotel guest and that she "would not think that he was suspicious or dangerous." *Compare Martinez*, 189 Ariz. at 211–12 (question of fact about foreseeability of danger from third-party criminal activity when the property owner "knew of the incursion by gangs in the parking lot and other common areas of its property, knew the gangs engaged in drug dealing and other criminal activity, was warned by its own security guard of the need for 24-hour patrols, had hired a second guard for a short period but terminated him because of expense considerations, and knew a neighboring condominium complex had hired off-duty Phoenix police officers to patrol").

¶12 Absent admissible evidence showing a foreseeable risk of third-party criminal activity, Michael failed to show a genuine dispute of fact as to breach. The superior court thus did not err by entering summary judgment for Crescent and GCU. *See Gipson*, 214 Ariz. at 143, ¶ 9 n.1.

**CONCLUSION**

¶**13**    We affirm.  As the prevailing parties, Crescent and GCU are entitled to their costs on appeal upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR