912 P.2d 51

**STATE of Arizona; Kimball R. Sherwood, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Steven D. Sheldon, a judge thereof, Respondent Judge,**

**Johnny L. DONALDSON, Sr., and Pauline Donaldson, husband and wife, Real Parties in Interest.**

No. 1 CA–SA 95–0209.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 20, 1996.

---

6. *But see Scrapchansky,* 226 Conn. at 457–58, 627 A.2d at 1334–35; *Miller,* 42 Ohio St.3d at 115, 537 N.E.2d at 1297.

Grant Woods, the Attorney General by Mr. Michael G. Prost and Mr. John E. Birkemeier, Assistant Attorneys General, Phoenix, for Petitioners.

Law Offices of Charles Anthony Shaw by Mr. Charles Anthony Shaw, Prescott, for Real Parties in Interest.

## OPINION

LANKFORD, Presiding Judge.

The issue in this special action is whether the trial court erroneously declined to grant summary judgment for defendant based on qualified immunity. We accepted special action jurisdiction and granted relief. This opinion explains why we did so.

Defendant Kimball R. Sherwood was an employee of the Apache County Attorney's Office assigned to assist the Arizona Attorney General's Office in a criminal investigation. This investigation led to the indictment and conviction, upon a guilty plea, of the plaintiff in this case, Johnny L. Donaldson, Sr.

The investigation focused on Donaldson's participation in schemes to defraud the Window Rock Unified School District. As part of the investigation, Sherwood and another investigator obtained a subpoena duces tecum for certain documents. The documents were located in New Mexico at the business premises of Dineh Construction and Mechanical, Inc., a corporation formerly controlled by Donaldson.

Douglas D. Clark was the President of Dineh Construction at the time the investigators contacted him about the documents. They showed him an Arizona subpoena duces tecum, but explained that it had no legal force in New Mexico. Clark nevertheless allowed the investigators to seize the records, and the investigators removed the documents from Dineh's premises.[1]

Donaldson moved to suppress the documents in the criminal case against him on the ground that they were obtained illegally. The trial court granted the motion, finding that the State had failed to prove by clear and positive evidence that Clark unequivocally consented to the search. However, the court also found:

—Although the investigators explained that the subpoena was not enforceable, Clark indicated that he would voluntarily comply with it.

—The investigators reasonably believed that Clark had authority to consent to the search.

—Although no evidence indicated that Clark had been "overtly coerced" into surrendering the documents, "the circumstances surrounding the presentation of the subpoena duces tecum . . . could have constituted implied psychological coercion. . . ."

Donaldson's present civil action alleges that Sherwood acted tortiously by coercing Clark to surrender the documents. This claim is asserted under a federal civil rights statute, 42 U.S.C. section 1983. Sherwood and the State moved for summary judgment on several grounds, including that Sherwood was protected from suit by the federal doctrine of qualified immunity. When the trial court denied this part of the motion, Sherwood and the State filed this special action.

---

1. Although the record is unclear that Clark unequivocally consented to the seizure, Donaldson's argument is not that Sherwood lacked an expression of consent, but that Sherwood coerced Clark into giving consent. Donaldson thus assumes that Clark consented and argues only that the consent was involuntary.

## I.

█ Special action jurisdiction is necessary in this case to fully effect the immunity doctrine. Qualified immunity protects governmental defendants not only from liability but also from suit. *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991). As a result, a decision on the immunity defense should be made at the earliest possible time. *Id.* Judgment may be warranted even prior to summary judgment: dismissal is appropriate "[u]nless the plaintiff's allegations state a claim of violation of clearly established law ..." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

█ When the trial court denies the immunity defense and its availability turns on a point of law, federal appellate courts intervene by accepting interlocutory appeals on the issue. *Johnson v. Jones,* — U.S. —, —, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995) (quoting *Mitchell v. Forsyth,* 472 U.S. at 528, 105 S.Ct. at 2816–17). Such scrutiny of interlocutory orders denying the defense ensures that a defendant entitled to immunity is not improperly deprived of its protection and subjected to suit. Our exercise of special action jurisdiction in this case serves the same purpose. We have on prior occasions accepted jurisdiction to require that an immunity defense be honored by the trial court. *E.g., Henke v. Superior Court,* 161 Ariz. 96, 100, 775 P.2d 1160, 1164 (App.1989).

## II.

We hold that Sherwood was protected by qualified immunity, and thus that the trial court should have entered summary judgment in Sherwood's favor.

The doctrine of qualified immunity to section 1983 claims is one of federal law. As a consequence, we follow federal court decisions on the subject.

█ Qualified immunity shields government agents if a reasonable government officer could have believed his actions to be lawful, in light of clearly established law and the information he possessed at the time. *Hunter v. Bryant,* 502 U.S. at 227, 112 S.Ct. at 536 (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987)). What the agent did or did not do may be a question of fact, if disputed. What the agent knew or did not know may also be a fact question.

However, the state of the law—i.e., whether the law was "clearly established"—and whether the officer objectively could have reasonably believed his conduct to have been lawful are questions of law. In *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (footnotes omitted), the Court said:

> Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment. On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not ... fairly be said to "know" that the law forbade conduct not previously identified as unlawful.

Whether a reasonable officer could have thought his conduct lawful is also a question of law. *Romero v. Kitsap County,* 931 F.2d 624, 628 (9th Cir.1991). The Supreme Court recently characterized the inquiry as follows:

> This statement of law [that the objective reasonableness of the officer's belief is a question of fact] is wrong for two reasons. First, it routinely places the question of immunity in the hands of the jury. Immunity ordinarily should be decided by the court long before trial. Second, the court should ask whether the agents acted reasonably under settled law in the circumstances ...

.    .    .    .    .

*Hunter v. Bryant,* 502 U.S. at 228, 112 S.Ct. at 537 (citation omitted).

We recognize that this Court previously said that whether a reasonable officer could have thought the conduct lawful was a question of fact. *Carroll v. Robinson,* 178 Ariz.

453, 462, 874 P.2d 1010, 1019 (App.1994). However, in that case we relied on *Brady v. Gebbie*, 859 F.2d 1543, 1556 (9th Cir.1988), *cert. denied*, 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989). *Brady* is no longer the law of the Ninth Circuit, which along with other circuits now adheres to the view that in *Hunter* the Supreme Court declared the question to be one of law. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993); *see Whiting v. Kirk*, 960 F.2d 248, 250 (1st Cir.1992); *DiMeglio v. Haines*, 45 F.3d 790, 795 n. 1 (4th Cir.1995); *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994); *Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th Cir. 1993); *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir.1993); *Gainor v. Rogers*, 973 F.2d 1379, 1383 (8th Cir.1992); *Chapman v. Nichols*, 989 F.2d 393, 398 (10th Cir.1993); *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994).

■ Both of these issues of law must be resolved in favor of defendant Sherwood. First, no "clearly established" legal rights were violated. Plaintiff Donaldson bears the burden of showing that "the right allegedly violated was clearly established at the time of the alleged misconduct." *Romero v. Kitsap County*, 931 F.2d at 627. This proof cannot be at a general level, such as that the Fourth Amendment was violated, but instead must be specific. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

In this case, plaintiff Donaldson was required to show that Sherwood's conduct constituted coercion under settled law. Donaldson made no attempt to do so in the trial court and was instead content to rely on generalities. Sherwood's conduct, moreover, clearly was *not* coercive in the eyes of the law. He merely presented the Arizona subpoena, informed Clark that the subpoena was ineffective in New Mexico, and proceeded to seek Clark's consent to obtain the documents.

While the trial court in the criminal case suppressed the documents, that does not establish that Sherwood acted unlawfully. First, the court found only that Clark may have felt pressure to surrender the documents, not that Sherwood exerted improper pressure. In fact, the court's findings suggest that if Clark felt pressured, that feeling arose solely from his misapprehension of the circumstances, and not from anything the investigators said or did. In addition, the trial court in Donaldson's criminal case decided only that the State had failed to clearly prove consent, not that the investigators had in fact unlawfully coerced Clark.

Just as important is that whether the officer acted unlawfully is not the controlling immunity question. The decisive issue is whether the conduct was clearly unlawful under established law. Thus, even if the trial court in the criminal case had determined that Sherwood did not properly obtain the documents, that fact alone would not deprive him of immunity. The Supreme Court has explained this point as follows:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

*Hunter v. Bryant*, 502 U.S. at 229, 112 S.Ct. at 537 (citations omitted).

The trial court's suppression of the documents as evidence does not establish that a reasonable officer could not have believed his conduct lawful. We therefore hold that no clearly established right was violated. Although that alone is sufficient to warrant summary judgment for defendant based on the immunity defense, we add that it is equally clear that summary judgment is required because a reasonable officer would have thought it lawful to act as Sherwood did. This is an "objective" test: i.e., what counts is what a reasonable officer would have thought.

The findings of the trial court in the criminal case, upon which both parties rely, are helpful. That court determined that the investigators reasonably believed that Clark had authority to consent to the search of the records. Moreover, the evidence about what the investigators did to persuade Clark to consent is undisputed. It is simply not possible to fairly conclude that a reasonable officer would have thought his search unlawful based on consent obtained in these circumstances. As a result, summary judgment upholding the qualified immunity defense was required.

For these reasons, we accepted special action jurisdiction and granted the requested relief. The superior court is directed to enter summary judgment in favor of defendant Sherwood.

GARBARINO and GRANT, JJ., concur.