IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EVELYN LEE SPOONER, *Plaintiff/Appellant*,

*v.*

CITY OF PHOENIX, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0500
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No.  CV2012-015913
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Debus Kazan & Westerhausen, Ltd., Phoenix
By Tracey Westerhausen, Larry L. Debus, Gregory M. Zamora
*Counsel for Plaintiff/Appellant*

Burch & Cracchiolo, Phoenix
By Melissa Iyer Julian
*Counsel for Defendants/Appellees*

## OPINION

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

**J O N E S**, Judge:

**¶1**   Evelyn Spooner appeals from a judgment entered in favor of the City of Phoenix and Toni Brown (collectively, the City) on her civil claims arising from a purported wrongful arrest. Spooner argues the trial court erred by precluding her from using Brown's grand jury testimony to impeach Brown's credibility at trial and directing a verdict on her simple negligence claim. We affirm the preclusion of Brown's grand jury testimony and hold that a law enforcement officer is not subject to civil liability for simple negligence arising from an investigation into criminal activity. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

**¶2**   In 2009, Brown, a detective with the Phoenix Police Department, began investigating Spooner's financial relationship with ninety-five-year-old Mary B. At a 2011 grand jury proceeding, Brown testified about her investigation, and the grand jury indicted Spooner for three counts of theft from a vulnerable adult and one count of unlawful use of a power of attorney. The State later dismissed the criminal charges, and Spooner then filed suit against the City asserting purported constitutional violations, simple negligence, gross negligence, intentional infliction of emotional distress, and malicious arrest. Spooner supported these claims with allegations that Brown lied to the grand jury, withheld exculpatory evidence, and failed to properly investigate Spooner's relationship with Mary.[1]

**¶3**   After the close of evidence in an eight-day civil jury trial, the trial court entered judgment as a matter of law in the City's favor on

---

[1]   Spooner also alleged the City did not properly supervise and train its employees to prevent wrongful arrests, but she did not advance this theory at trial.

Spooner's claims for simple negligence, malicious arrest, and constitutional violations. The jury then found for the City on the claims for gross negligence and intentional infliction of emotional distress. Spooner timely appealed the final judgment, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[2] and -2101(A)(1).

## DISCUSSION

**I.    The Trial Court Acted Within its Discretion in Excluding Brown's Grand Jury Testimony for Use as Impeachment Evidence.**

**¶4**      At oral argument on appeal, Spooner conceded that grand jury witnesses enjoy absolute immunity for claims arising from their testimony. *See Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984); *see also Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). She argues, however, that the trial court deprived her of due process when it precluded her use of Brown's grand jury testimony for impeachment purposes at trial. The court precluded the testimony after finding both: (1) that "allowing introduction of the grand jury testimony . . . would effectively operate to circumvent the absolute immunity of [a grand jury] witness," and (2) that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice and confusion of the issues — namely, "the appropriate scope of the use of the grand jury testimony relative to the remaining liability claims."

**¶5**      Spooner argues that evidence of Brown's purported false testimony to the grand jury is relevant to Brown's credibility, relying upon *Marshall v. Randall*, 719 F.3d 113, 116-18 (2d Cir. 2013) (finding, under the Federal Rules of Evidence, no abuse of discretion in the admission of grand jury testimony to impeach law enforcement officers defending 42 U.S.C. § 1983 claims arising out of purportedly false testimony where there was "no potential for jury confusion"). We do not reach the general issue of admissibility, however, because we find no error in the exclusion of the evidence under Rule 403. Even relevant evidence is subject to exclusion "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Ariz. R. Evid. 403. "Because 'probative value' and 'the danger of unfair prejudice' are not easily quantifiable factors, we accord substantial discretion to the trial court in the Rule 403 weighing process." *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 481, ¶ 13 (App. 2009) (citing *State v. Gibson*, 202 Ariz. 321, 324, ¶ 17

---

2      Absent material changes from the relevant date, we cite a statute's current version.

(2002)). The decision to preclude impeachment evidence is likewise reviewed for an abuse of discretion. *See Gasiorowski v. Hose*, 182 Ariz. 376, 382 (App. 1994) (citing *Selby v. Savard*, 134 Ariz. 222, 227 (1982)).

**¶6** The record reflects that the trial court carefully considered the scope and purpose of absolute immunity in judicial proceedings, including warnings from both the U.S. Supreme Court and this Court against allowing parties to "circumvent" absolute witness immunity "by using evidence of the witness'[s] testimony to support any . . . claim concerning the initiation or maintenance of a prosecution." *Rehberg*, 566 U.S. at 369; *accord Sobol v. Alarcon*, 212 Ariz. 315, 318, ¶ 11 (App. 2006) ("[I]t is necessary that the propriety of [a witness's] conduct not be inquired into indirectly by either court or jury in civil proceedings brought against them for misconduct in their position.") (quotation omitted). The court also reasonably determined introduction of grand jury testimony was unfairly prejudicial and likely to confuse the jury because it would constitute direct evidence of purported misconduct for which the City was absolutely immune.[3] We find no abuse of discretion or due process violation here.

## II. The Trial Court Properly Entered Judgment as a Matter of Law for the City on the Simple Negligence Claim.

**¶7** Spooner argues the trial court erred when it entered judgment for the City upon Spooner's claim for simple negligence. We review the entry of judgment as a matter of law *de novo*, "viewing the evidence and reasonable inferences in the light most favorable to the nonmoving party." *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 292, ¶ 93 (App. 2011) (citing *Shoen v. Shoen*, 191 Ariz. 64, 65 (App. 1997)). We likewise review the existence and scope of qualified immunity *de novo*. *See Ochser v. Funk*, 228 Ariz. 365, 369, ¶ 11 (2011) (citation omitted). We will affirm the judgment if it is correct for any reason. *Walter v. Simmons*, 169 Ariz. 229, 240 n.9 (App. 1991).

**¶8** As a general rule, public entities and public employees are subject to tort liability for their negligence. *See Ryan v. State*, 134 Ariz. 308, 309-10 (1982) ("[T]he parameters of duty owed by the state will ordinarily be coextensive with those owed by others.") (citing *Stone v. Ariz. Highway*

---

[3] Although Spooner suggests the grand jury testimony could have been admitted with a limiting instruction regarding its proper purpose, rather than excluded altogether, she did not request this remedy at trial and therefore waived her right to assert error on this basis. *Cf. State v. Mott*, 187 Ariz. 536, 546 (1997).

*Comm'n*, 93 Ariz. 384, 392 (1963)), *superseded by statute on other grounds as stated in Tucson Unified Sch. Dist. v. Owens-Corning Fiberglas Corp.*, 174 Ariz. 336, 339 (1993); *see also Hogue v. City of Phoenix*, 240 Ariz. 277, 280, ¶ 9 (App. 2016) (citing *Greenwood v. State*, 217 Ariz. 438, 442, ¶ 14 (App. 2008)). Although our supreme court recognized the abolition of general sovereign immunity in *Ryan*, it nonetheless "hasten[ed] to point out that certain areas of immunity must remain." 134 Ariz. at 309-10. Some remaining areas of immunity are prescribed by statute within Arizona's Governmental Tort Claims Act, *see, e.g.,* A.R.S. § 12-820.02, but the legislature has directed that its statutory grant of immunity for certain acts "shall not be construed to affect, alter or otherwise modify any other rules of tort immunity regarding public entities and public officers as developed at common law." *See* A.R.S. § 12-820.05(A); *see also Clouse ex rel. Clouse v. State*, 199 Ariz. 196, 203, ¶ 27 (2001) (acknowledging that common law immunity principles apply in the absence of statutory direction) (citations omitted).

**¶9** Common law qualified immunity generally provides public officials, including police officers, limited protection from liability when "performing an act that inherently requires judgment or discretion."[4] *Chamberlain v. Mathis*, 151 Ariz. 551, 555, 558 (1986) (applying the *Ryan* principles in concluding a state employee is protected by qualified immunity for discretionary acts); *see also Portonova v. Wilkinson*, 128 Ariz. 501, 503 (1981) ("It has been recognized that in Arizona a police officer acting within the scope of his authority has at least a conditional immunity from civil liability.") (citing *Patterson v. City of Phoenix*, 103 Ariz. 64, 70-71 (1968)); Restatement (Second) of Torts § 895D (1979) ("A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if . . . he is [otherwise] immune because [he is] engaged in the exercise of a discretionary function."); *id.* at cmt. h (explaining no immunity attaches to a ministerial act "carr[ied] out [on] the orders of others or . . . [done] with little choice as to when, where, how or under what circumstances"). This accommodation for discretionary acts exists because "officials should not err always on the side of caution" for fear of being sued. *State v. Superior Court (Donaldson)*, 185 Ariz. 47, 50

---

[4]     Spooner cites *Austin v. City of Scottsdale*, 140 Ariz. 579 (1984); *Hutcherson v. City of Phoenix*, 188 Ariz. 183 (App. 1996), *reversed on other grounds*, 192 Ariz. 51 (1998); and *Landeros v. City of Tucson*, 171 Ariz. 474 (App. 1992), to support her argument that the City may be liable for simple negligence. None of these cases squarely discuss whether a law enforcement officer enjoys qualified immunity for discretionary decisions made in the course of a criminal investigation, and we do not find them instructive.

(App. 1996) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)); *see also* Restatement (Second) of Torts § 895D cmt. b ("The basis of the immunity has been not so much a desire to protect an erring officer as it has been a recognition of the need of preserving independence of action without deterrence or intimidation by the fear of personal liability and vexatious suits."). The doctrine thus "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Donaldson*, 185 Ariz. at 50 (quoting *Hunter*, 502 U.S. at 229).

**¶10**       If qualified immunity applies, a public official performing a discretionary act "within the scope of [her] public duties" may be liable only if she "knew or should have known that [s]he was acting in violation of established law or acted in reckless disregard of whether h[er] activities would deprive another person of their rights." *Chamberlain*, 151 Ariz. at 558; *see also Grimm v. Ariz. Bd. of Pardons & Paroles*, 115 Ariz. 260, 267-68 (1977) (holding that members of the Arizona Board of Pardons and Paroles were liable "only for the grossly negligent or reckless release of a highly dangerous prisoner" but enjoyed "freedom from suit for reasonable decisions"). A public official's conscious disregard of the law or the rights of others constitutes gross negligence, *see Noriega v. Town of Miami*, 243 Ariz. 320, 328, ¶¶ 35-36 (App. 2017) (citations omitted), and she remains liable for such conduct, *Chamberlain*, 151 Ariz. at 558. But a public official performing a discretionary act encompassed within her public duties is shielded from liability for simple negligence. *See Chamberlain*, 151 Ariz. at 558.

**¶11**       Criminal investigations involve the exercise of personal deliberation and individual professional judgment that necessarily reflect the facts of a given situation. By its very nature, investigative police work is discretionary and appropriate for exemption from suit for simple negligence. *See Wall v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 594 (App. 1991) (acknowledging that decisions to investigate a crime or arrest a suspect "involve a judgment by a police officer"). Moreover:

> The public has a vital stake in the active investigation and prosecution of crime. Police officers and other investigative agents must make quick and important decisions as to the course an investigation shall take. Their judgment will not always be right; but to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

*Landeros*, 171 Ariz. at 475 (quoting *Smith v. State*, 324 N.W.2d 299, 301 (Iowa 1982)); *see also Everitt v. Gen. Elec. Co.*, 932 A.2d 831, 844 (N.H. 2007) ("[L]aw

enforcement by its nature is susceptible to provoking the hostilities and hindsight second-guessing by those directly interacting with police as well as by the citizenry at large. . . . The public simply cannot afford for those individuals charged with securing and preserving community safety to have their judgment shaded out of fear of subsequent lawsuits."). Accordingly, we conclude that public policy mandates that investigative police work, performed in the scope of an officer's public duty, is a discretionary act subject to qualified immunity.

¶12 Here, Spooner alleged Brown acted either intentionally or negligently to effectuate Spooner's arrest without the requisite probable cause. To the extent these actions violate clearly established law or reflect a reckless disregard of Spooner's rights, they are afforded no protection. The trial court properly permitted Spooner to proceed on these claims and properly instructed the jury that it could find in Spooner's favor if she proved gross negligence. But to the extent Brown's actions reflect the legitimate exercise of professional judgment, they are discretionary and protected by qualified immunity. Thus, the court rightfully entered judgment as a matter of law in the City's favor on the claim for simple negligence.

**CONCLUSION**

¶13 The judgment in favor of the City is affirmed. As the prevailing party, the City is entitled to its costs incurred on appeal upon compliance with ARCAP 21(b).