NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GABRIELA GONZALEZ, *Plaintiff/Appellant*,

*v.*

HARVEY RONEY, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0258
FILED 12-17-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-090577
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Gabriela Gonzalez, Phoenix
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Donn C. Alexander, Eileen Dennis GilBride, Andrea R. Logue
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 Gabriela Gonzalez appeals from the superior court's judgment as a matter of law on her defamation claim and the jury's defense verdict on her battery and intentional infliction of emotional distress (IIED) claims. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Gonzalez was working her shift at HonorHealth Scottsdale Shea Medical Center as a surgical technician. Harvey Roney was also present at the hospital as an employee of DePuy Synthes Sales, Inc. (DePuy), which supplied surgical equipment to HonorHealth. Gonzalez and Roney, who assisted in operating surgical equipment as necessary, were preparing to participate in an operation. As Gonzalez was putting on her mask, she alleged Roney "kicked her forcefully between the legs, making contact with her legs and vagina."

¶3 Gonzalez reported the incident to HonorHealth's human resources department. According to Gonzalez, coworkers later told her they heard she reported Roney for making an "off-color" joke. Gonzalez alleged Roney told coworkers she reported him because of the joke. Gonzalez sued Roney for defamation, battery, and IIED. Gonzalez also sued DePuy on a theory of *respondeat superior*.

¶4 At trial, Roney testified he had been a sales consultant for DePuy for 28 years. His job included providing technical knowledge and instruction to surgeons and operating room personnel. A doctor had asked Roney to attend surgery the day the incident occurred. As Roney walked to the surgery suite, he saw Gonzalez at the scrub sink. Roney walked past her and jokingly reminded her to put her glasses on. During the surgery, Roney needed to get Gonzalez's attention. Roney would normally use a laser pointer to get someone's attention during surgery to avoid entering the sterile field, but Gonzalez had previously told him the laser pointer

bothered her eyes. Roney did not use the laser pointer and instead called Gonzalez, but she did not respond. Roney then tapped the back of her lead apron near her knee to get her attention. Roney denied kicking Gonzalez.

¶5        Roney testified Gonzalez reported the incident to the police, claiming Roney kicked her during surgery. Later, Roney learned Gonzalez changed her allegations and now claimed Roney had kicked her in the vagina. The police and a prosecutor found Gonzalez's allegations unsupported and the prosecutor did not charge Roney with any crimes.

¶6        Gonzalez admitted no one in the operating room backed her story. Gonzalez also admitted she never heard Roney talk about her to anyone else. Gonzalez's licensed professional counselor testified Gonzalez has a mental illness. A neuropsychologist, who conducted over four hours of testing on Gonzalez, testified Gonzalez purposefully chose wrong answers on memory tests and exaggerated her emotional problems.

¶7        After Gonzalez's case-in-chief, Roney moved for judgment as a matter of law on the defamation claim. The superior court granted the motion. The jury rendered a verdict for the defendants on the battery and IIED claims. Gonzalez timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## ANALYSIS

### I.        The superior court properly entered judgment as a matter of law on the defamation claim.

¶8        Gonzalez argues the superior court erred when it granted judgment as a matter of law on the defamation claim. This court reviews a superior court's entry of judgment as a matter of law *de novo*, "viewing the evidence and reasonable inferences in the light most favorable to" Gonzalez. *See Spooner v. City of Phoenix*, 246 Ariz. 119, 123, ¶ 7 (App. 2018).

¶9        Gonzalez alleged Roney published false statements about her to coworkers, including statements that her complaint to HR was made because of a joke Roney told. To succeed on her defamation claim, Gonzalez needed to prove Roney published a false and defamatory communication about her. *See Dube v. Likins*, 216 Ariz. 406, 417, ¶ 35 (App. 2007). "Publication for defamation purposes is communication to a third party." *Id*. at ¶ 36. Though Gonzalez asserts Roney "published details of the battery," the record does not support her assertion. Gonzalez testified she never heard Roney talk about her to anyone else. Gonzalez cites no

evidence in the record to support publication. Because Gonzalez could not prove publication, the superior court properly granted judgment as a matter of law on the defamation claim.

## II.     Substantial evidence supports the jury's verdict.

**¶10**          Gonzalez also challenges the jury's verdict on the battery and IIED claims. "In reviewing a jury verdict, we view the evidence in the light most favorable to sustaining the verdict. We will affirm the verdict if there is substantial evidence to support it." *S Dev. Co. v. Pima Capital Mgmt. Co.*, 201 Ariz. 10, 23, ¶ 42 (App. 2001) (quotation omitted).

**¶11**          To succeed on her battery claim, Gonzalez needed to prove Roney intentionally caused offensive or harmful contact with her. *See Johnson v. Pankratz*, 196 Ariz. 621, 623, ¶ 6 (App. 2000). The IIED claim required her to prove Roney "caused severe emotional distress by extreme and outrageous conduct committed with the intent to cause emotional distress or with reckless disregard of the near-certainty that such distress would result." *See Watkins v. Arpaio*, 239 Ariz. 168, 170–71, ¶ 8 (App. 2016).

**¶12**          Roney testified he tapped the back of Gonzalez's apron after unsuccessfully attempting to get her attention. Gonzalez, moreover, admitted no one in the surgery suite corroborated her story. And the neuropsychologist testified Gonzalez was untruthful and malingering.

**¶13**          In short, the jury heard conflicting testimony and found Roney did not intend to cause offensive or harmful contact or emotional distress. We will not, on this record, disturb that verdict. *See S Dev. Co.*, 201 Ariz. at 23, ¶ 42; *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 286 (App. 1983) (this court "will not substitute its judgment as to credibility of witnesses and weight of evidence for that of the jury").

## III.     Gonzalez's remaining arguments are waived.

**¶14**          Gonzalez raises several additional issues, but she fails to properly develop supporting argument or show where in the record she raised a proper objection. Accordingly, we find these arguments waived. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("arguments not supported by adequate explanation, citations to the record, or authority" are waived); *Best Choice Fund, LLC v. Low & Childers, P.C.*, 228 Ariz. 502, 508, ¶ 17 (App. 2012) (appellate courts generally do not consider issues raised for the first time on appeal).

## CONCLUSION

¶15 We affirm the superior court's entry of judgment as a matter of law and the jury verdicts. We award Roney his costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA