IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

BETH JENNINGS and CITY OF MESA, *Petitioners*,

*v.*

THE HONORABLE SARA J. AGNE, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

NOOR AL-FURAJI, *Real Party in Interest*.

No. 1 CA-SA 22-0090
FILED 10-20-2022

———————————————

Petition for Special Action from the Superior Court in Maricopa County
No. CV2021-052198
The Honorable Sara J. Agne, Judge

**JURISDICTION ACCEPTED/RELIEF GRANTED**

———————————————

COUNSEL

City of Mesa Attorney's Office, Phoenix
By Alexander J. Lindvall
*Counsel for Petitioners*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Co-Counsel for Real Party in Interest*

Zachar Law Firm PC, Phoenix
By Christopher J. Zachar
*Co-Counsel for Real Party in Interest*

---

## OPINION

Judge Jennifer M. Perkins delivered the opinion of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        In this special action, we consider which standard of care applies to a police officer involved in a crash while responding to an emergency call for service. We hold that the operator of an emergency vehicle who properly exercises the relevant statutory privileges is not liable unless she acted with reckless disregard.

## FACTS AND PROCEDURAL BACKGROUND

¶2        City of Mesa Police Officer Beth Jennings got an emergency call for backup in October 2020—another officer had his gun drawn on an armed suspect and needed help. Jennings turned on her lights and sirens and led two other cruisers toward the scene. When the convoy hit a red light, Officer Jennings moved into the intersection to clear the way. Noor Al-Furaji's vehicle entered the intersection, striking Officer Jennings' cruiser.

¶3        Al-Furaji sued Officer Jennings and the City of Mesa for negligence. Petitioners moved for summary judgment, arguing the proper standard of care for Officer Jennings was either recklessness or gross negligence, but the complaint only alleged simple negligence. The superior court denied the motion in a one-sentence order without analysis. This special action followed.

## JURISDICTION

¶4        Accepting special action jurisdiction is discretionary, *State v. Hutt*, 195 Ariz. 256, 259, ¶ 5 (App. 1999), and appropriate when a party lacks "an equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a). This court usually disfavors exercising special action jurisdiction to address a denial of summary judgment. *Piner v. Superior Court*, 192 Ariz. 182, 184, ¶ 8 (1998). But we confront here a pure legal question, and emergency responder liability is a matter of statewide importance, two factors that call for the exercise of special action jurisdiction. *Id.* at 185, ¶ 9. And this petition involves a question of qualified

immunity, which is particularly appropriate for special action review. *City of Phoenix v. Yarnell*, 184 Ariz. 310, 315 (1995). Accordingly, we accept jurisdiction.

## DISCUSSION

**¶5**          The superior court did not explain why it denied summary judgment. *See* Ariz. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion."). Thus, we do not know if the court found a disputed fact question, determined that a simple negligence standard applied, or something else. Because the parties placed emergency responder liability squarely at issue, we take this opportunity to clarify the proper standard of care for the driver of an emergency vehicle and remand for further proceedings consistent with this opinion.

**¶6**          Petitioners first argue that an emergency vehicle operator cannot be liable for injury unless the operator acted with "reckless disregard." A.R.S. § 28-624(D). Second, they argue Officer Jennings is protected by discretionary act immunity, which limits liability to "gross negligence." We take each point in turn.

## I.      The standard of care under A.R.S. § 28-624(D)

**¶7**          This appeal requires us to interpret A.R.S. § 28-624(D), which identifies the applicable standard of care. We review de novo a question of statutory construction. *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018). "Our task in statutory construction is to effectuate the text if it is clear and unambiguous. Words in statutes should be read in context in determining their meaning." *Id.* (cleaned up). "A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). We also attempt to harmonize seemingly contradictory provisions. *Bekelian v. JP Morgan Chase Bank NA*, 246 Ariz. 352, 354, ¶ 6 (App. 2019).

**¶8**          Arizona law affords greater leeway to drivers of authorized emergency vehicles when "responding to an emergency or fire, or pursuing a suspect." A.R.S. § 28-624(A), (D). More specifically, authorized emergency vehicle drivers have special privileges to (1) park or stand, (2) pass stop signals "after slowing down as necessary for safe operation," (3) exceed the speed limit "if the driver does not endanger life or property," and (4) "disregard laws . . . governing the direction of movement or turning." A.R.S. § 28-624(B)(1)–(4). To exercise these privileges, the emergency vehicle must display lights and sirens "as reasonably necessary," A.R.S. §

28-624(C). Police vehicles need not display lights but must sound an audible siren. A.R.S. § 28-624(C); *Herderick v. State*, 23 Ariz. App. 111, 114 (1975). Ordinary drivers must then yield when approached by an emergency vehicle. A.R.S. § 28-775(A)(1).

¶9 These statutory privileges are not unbounded. As explained by the legislature:

> This section does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons and does not protect the driver from the consequences of the driver's reckless disregard for the safety of others.

A.R.S. § 28-624(D).

¶10 The parties argue about the meaning of "duty to drive with due regard" and "reckless disregard." Petitioners argue the "reckless disregard" language limits liability to reckless acts, while Al-Furaji contends "due regard" calls for ordinary negligence application.

¶11 We interpret Section 28-624(D) to require "reckless disregard" for liability. The statute uses two descriptions for one standard. "Due regard" generally means "consideration in a degree appropriate to demands of the particular case." *Due Regard,* Black's Law Dictionary (6th ed. 1990). With that definition, when the statute requires that first-responders drive with "due regard," it means that drivers must not drive with "reckless disregard."  After all, if "due regard" meant ordinary care, the words "reckless disregard" would be meaningless. *See Deer Valley Unif. Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8 (2007) ("Each word, phrase, clause, and sentence [of the statute] must be given meaning."). Said differently, the "duty to drive with due regard" signals the imposition of a specific standard of care, while "reckless disregard" sets that standard.

¶12 We pause to address two earlier opinions from this court which described the standard as ordinary negligence. *Herderick*, 23 Ariz. App. at 115; *Est. of Aten*, 169 Ariz. 147, 151 (App. 1991). The first case is *Herderick*, which applied a simple negligence standard, but never explained why. By contrast, we reach the plain language of the statute. Above that, this discussion in *Herdick* was arguably dicta. *Id.* at 115 (finding that the officer was not liable under a negligence standard rendered moot the question of liability under a recklessness standard). The second case is *Estate of Aten*. But it offers no greater direction, only pointing to *Herderick*, and noting the issue had not been raised. In any event, we decline to follow

either case if construed to recognize an ordinary negligence standard. *See State v. Dungan*, 149 Ariz. 357, 361 (App. 1985) ("[P]revious decisions of this court are considered highly persuasive and binding, unless we are convinced that the previous prior decision is clearly erroneous.").

¶13 To repeat, we hold that subsection (D) establishes a reckless disregard standard for a driver of an authorized emergency vehicle—but only when the driver used an emergency "bell, siren or exhaust whistle" and operated at least one emergency light, while exercising one of the privileged activities in subsection (B). A.R.S. § 28-624. The plaintiff must then show that the operator committed an act that constitutes "the driver's reckless disregard for the safety of others." Absent these statutory conditions, A.R.S. § 28-624 does not apply.

## II. Discretionary Act Immunity

¶14 In the alternative, Petitioners argue that Officer Jennings is entitled to qualified immunity and would be liable only for gross negligence. We agree.

¶15 Police officers enjoy "limited protection from liability when performing an act that inherently requires judgment or discretion." *Spooner v. City of Phoenix*, 246 Ariz. 119, 123, ¶ 9 (App. 2018) (cleaned up); *see also Portonova v. Wilkinson*, 128 Ariz. 501, 503 (1981) ("[A] police officer acting within the scope of [her] authority has at least a conditional immunity from civil liability."). The purpose of discretionary act immunity is to preserve the "independence of action without deterrence or intimidation by the fear of personal liability and vexatious suits." *Spooner*, 246 Ariz. at 124, ¶ 9 (quoting Restatement (Second) of Torts § 895D cmt. b). If immunity applies, an officer is shielded from liability unless the conduct rises to gross negligence or recklessness. *Id.* at ¶ 10. "A public official's conscious disregard of the law or the rights of others constitutes gross negligence." *Id.*

¶16 Al-Furaji argues Officer Jennings is not entitled to discretionary act immunity because driving is not a discretionary act. He relies on our supreme court's opinion in *Chamberlain v. Mathis,* which stated, "[d]riving is not a discretionary governmental function that must be shielded by immunity for government to function effectively." 151 Ariz. 551, 556 (1986). The court described driving as a ministerial act, such as when a government official "drive[s] from point A to point B to carry out his official duties." *Id.*

¶17 Driving is generally a ministerial task that precedes official duties. But driving in response to an emergency call for police backup is not

a ministerial task. Section 28-624 recognizes that such conduct is a key part of an officer's official duties to respond to crime promptly. And speeding toward an active emergency is exactly when an officer needs the discretion to make prompt choices. "The public simply cannot afford for those individuals charged with securing and preserving community safety to have their judgment shaded out of fear of subsequent lawsuits." *Spooner*, 246 Ariz. at 124, ¶ 11 (citation omitted).

## CONCLUSION

**¶18**　　　　We accept special action jurisdiction and remand for the superior court to reconsider Petitioners' summary judgment arguments in light of this opinion.



AMY M. WOOD • Clerk of the Court
FILED:　AA